UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEVEN GORBEY,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE, FRESNO; UNITED STATES,<br><br>        Defendants. | No. 1:21-cv-000320-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915(G) AND THE CASE BE DISMISSED WITHOUT PREJUDICE[1]<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS<br><br>(Doc. No. 2) |

I.      FACTS AND BACKGROUND

Plaintiff Michael Steven Gorbey, a federal inmate proceeding *pro se*, initiated this case by filing a handwritten document referencing "the Federal Tort Claims Act" and "*Bivens*." *See* Doc. No. 1 at 1. Although not the model of clarity, plaintiff seeks a hearing "to adequately defend [his] imminent danger issues or any aspect of [his] suit," *id. at* 1, and identifies one claim alleging that "[t]he IRS has den[ied] or embezzle[d] funds away from [plaintiff] needed for court filing fees causing him to suffer imminent danger []." *Id.* at 2. Plaintiff generally complains that the federal courts have improperly denied him access to court by labeling him a three-striker and prohibiting him from proceeding *in forma pauperis* under 28 U.S.C. § 1915. *Id*. at 2-3. His

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

1 current claim is predicated upon his application for $1200.00 in stimulus money that he contends
2 the I.R.S. improperly attached for his past taxes. *Id*. at 8-9. The complaint also contains other
3 unrelated, past allegations against nonidentified defendants concerning: his treatment for
4 glaucoma, nonspecific attacks by unidentified inmates in 2017 and 2019, claims that authorities
5 planted and tampered with evidence and falsely charged him for various crimes, and complaints
6 that he previously was improperly assigned a top bunk despite him having a valid low bunk pass.
7 *Id.* at 3-8. As relief, plaintiff seeks, *inter alia*, $350, 000,000,000.00 in damages, an injunction
8 against the I.R.S., copies of his past tax returns, and future stimulus payments under the All Cares
9 Act. *Id*. at 13. Plaintiff moves to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. No.
10 2.

    II.    APPLICABLE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)*.* Part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be entirely barred from bring a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim counts as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

To determine whether a dismissal counts as a strike, a reviewing court looks to the dismissing court's actions and the reasons underlying the dismissal. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). To count as a strike, the dismissal had to be on a "prior occasion," meaning the dismissal occurred before plaintiff initiated the instant case. *See* § 1915(g). A

dismissal counts as a strike when dismissed for frivolity, maliciousness, or for failure to state a claim, or an appeal dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). A dismissal for failure to state a claim relying on qualified immunity counts as a strike. *Reberger v. Baker*, 657 F. App'x 681, 683-84 (9th Cir. Aug. 9, 2016)

Although not exhaustive, dismissals that do *not* count as 1915(g) strikes include: dismissals of habeas corpus petitions, unless the habeas was purposefully mislabeled to avoid the 3 strikes provision. *See generally El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (dismissals of habeas cases do not count as strikes, noting exception). A denial or dismissal of writs of mandamus petitions, the *Younger* abstention doctrine, and *Heck v. Humphrey* generally do not count as a strike, but in some instances *Heck* dismissals may count as a strike. *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d at 1055-58 (citations omitted) (reviewing some *Heck* dismissals may count as strikes, while others do not; abstention doctrine dismissals and writs of mandamus do not count as strikes). A denial of a claim based on sovereign immunity does not count as a strike. *Hoffman v. Pulido*, 928 F.3d 1147 (9th Cir. 2019). Finally, the Ninth Circuit has ruled that if one reason supporting a dismissal is not a reason enumerated under §1915A, then that reason "saves" the dismissal from counting as a strike. *Harris v. Harris*, 935 F.3d 670 (9th Cir. 2019).

Once prisoner-plaintiffs have accumulated three strikes, they may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoners "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v.*

*Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).  However, assertions of imminent danger may be rejected as overly speculative or fanciful.  *Andrews*, 493 F. 3d at 1057, fn. 11.

### III. ANALYSIS

Turning to the application of the Three Strikes Rule in this matter, the undersigned finds that plaintiff has incurred three or more strikes under section 1915(g), prior to filing this lawsuit, based on a review of the National *Pro Se* Three Strike Database ("Three Strike Database") and the Pacer Database.  *See* http://156.128.26.105/Litigant.aspx (National Pro Se Database); http://pacer.usci.uscourts.gov pacer.gov.

Further, based on a pacer search, the Court takes judicial notice that Plaintiff has initiated approximately 55 federal civil actions or appeals, and other federal courts have barred him from proceeding as a three-striker.  Although not exhaustive, for purposes of this report and recommendation, each of the following cases are properly deemed qualifying 1915(g) strikes and each were entered before plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
|---|---|---|
| July 7, 2010 | *Gorbey v. United States of America, et al.,* Case No. 2:08-cv-121-REM-JES, U.S. District Court, N.D. West Virginia | district court adopting F&R finding complaint failed to state a claim against all defendants, overruling plaintiff's objections |
| February 25, 2013 | *Gorbey v. Watts, et. al*, App. Case No. 12-3921, Second Circuit Court of Appeals | appellate court denying ifp on appeal and dismissing appeal "because it lacks an arguable basis in law or fact" under 28 U.S.C. § 1915(e) |
| May 22, 2008 | *Gorbey v. United States of America, et al.*, Case No. 1:08-cv-650-UNA, U.S. District Court, District of Columbia | dismissing complaint alleging conspiracy claim for failure to state a claim |
| February 25, 2008 | *Gorbey v. the United States Military*, Case No. 1:08-cv-334-RDB, U.S. District Court, Maryland | dismissing action against the U.S. military as frivolous under § 1915 and warning plaintiff of three-strike provisions under § 1915(g) |

4

| | | |
|---|---|---|
| November 15, 2010 | *Gorbey v. The District of Columbia, et al.,* Case No. 1:10-cv-01751-UNA, U.S. District Court, District of Columbia; *see also* App. Case No. 10-7175, D.C. Circuit Court | dismissing complaint under 28 U.S.C. § 1915A(b)(1) for failing to state a claim and as frivolous; *see also* appellate court's order revoking district court's grant of *ifp* on appeal, finding no allegation of imminent danger and plaintiff barred from proceeding on appeal *ifp* under § 1915(g) and listing identifying cases |

Next, the undersigned considers whether the allegations in plaintiff's complaint meet the imminent danger exception. The complaint contains no plausible allegations that plaintiff is at risk of any serious physical injury at the time of filing. Instead, plaintiff peppers his complaint throughout with the words "imminent danger" or claims in conclusory terms to be "suffering imminent dangers" without providing any factual basis in support of a physical injury. *See* Doc. No. 1 at 1. Based on the foregoing, the undersigned recommends that the district court deny plaintiff's motion to proceed *in forma pauperis* under the Three Strikes Rule.

The undersigned further recommends that if plaintiff does not pay the full filing fee during the 30-day period of time for objections, that the district court dismiss the case, without prejudice. Considering the Amended Standing Order in Light of Judicial Emergency in the Eastern District of California, this court has an enormous backlog of civil cases and need not permit a litigant all too familiar with The Three Strikes Rule to repeatedly file cases that are frivolous, malicious, or fail to a state claim, and are precisely those cases the Prison Litigation Reform Act was enacted to curtail. *See also Blackwell v. Jenkins*, Case No. 2021 WL 825747, Case no. 2:19-cv-442-TLN-DB (E.D. Ca. March 4 ,2021) (recommending denial of *ifp* motion and dismissal without prejudice, unless prisoner-plaintiff pays the full filing fee by the deadline for filing objections to the findings and recommendations); *see also Dupree v. Gamboa*, Case No. 1:19-cv-953-LJO-GSA, 2019 WL (E.D. Cal. 2019) (denying *in forma pauperis* motion and dismissing case without waiting thirty days to permit plaintiff additional time to pay the filing fee). Providing plaintiff with thirty days, as opposed to the statutory fourteen-day period, to both object and pay the filing

fee, provides a *pro se* prisoner litigant sufficient notice and an opportunity to prosecute this action and simultaneously enables the court an ability to efficiently manage an overburdened docket.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) be denied under 28 U.S.C. § 1915(g) and, ***if plaintiff does not pay the full filing fee by the thirty-day (30) objection deadline***, that the case be dismissed without prejudice.

2. The Clerk of Court is directed to terminate any pending motions/deadlines and close this case.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE