UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEVEN GORBEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE, FRESNO; UNITED STATES<br><br>　　　　　Defendants. | No. 1:21-cv-320-NONE-HBK<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND REQUIRING PLAINTIFF TO PAY FILING FEE WITHIN 30 DAYS</u><br><br>(Doc. Nos. 2, 3)<br><br>**Thirty (30) Day Deadline** |

Plaintiff Michael Steven Gorbey, a federal inmate proceeding *pro se*, initiated this action by filing a handwritten document referencing "the Federal Tort Claims Act" and "*Bivens*." (Doc. No. at 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 9, 2021, the assigned magistrate judge issued findings and recommendations, which were served on plaintiff and contained notice that objections were to be filed within thirty days. (Doc. No. 3 at 1-6.) The findings and recommendations determined that plaintiff has previously suffered more than three dismissals of cases he has brought which qualify as strike dismissals under 28 U.S.C. § 1915(g) and that the imminent danger exception to § 1915(g) did

1

not apply with respect to the complaint filed in this case. (*Id.* at 4–5.) It was also recommended that this action be dismissed without prejudice if plaintiff does not pay the full filing fee by the thirty-day (30) objection deadline based upon the reasoning that "[p]roviding plaintiff with thirty days, as opposed to the statutory fourteen-day period, to both object and pay the filing fee, provides a *pro se* prisoner litigant sufficient notice and an opportunity to prosecute this action and simultaneously enables the court an ability to efficiently manage an overburdened docket." (*Id*. at 5-6.) Plaintiff filed objections to the findings and recommendations on April 23, 2021. (Doc. No. 4.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis insofar as it is recommended that plaintiff's request to proceed *in forma pauperis* be denied. Plaintiff has suffered three or more prior dismissals which properly qualify as strikes under § 1915(g) and has failed to allege facts that satisfy the imminent danger exception at the time the complaint in this action was filed. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). However, the court declines to order the immediate dismissal of this action due to plaintiff not paying the filing fee while the findings and recommendations were pending. The undersigned certainly shares the expressed concern over this court's overburdened docket. Nonetheless, until the issuance of this order, plaintiff was under no obligation to pay the filing fee associated with this action because his application to proceed in forma pauperis was still pending before the court. Now that the application has been denied, plaintiff is entitled a reasonable period of time to determine whether he wishes to proceed with this action on a fee paid basis. Accordingly, plaintiff will instead be granted thirty days to pay the required filing fee in this case. Plaintiff is forewarned, however, that his failure to do so within the time provided will result in the dismissal of this action.

For the reasons explained above:

1. The findings and recommendations, filed on April 9, 2021, (Doc. No. 3.) are adopted in part;

2. Plaintiff's motion for leave to proceed *in forma pauperis* is **denied** under the Three Strikes Rule, 28 U.S.C. § 1915(g); and

3. Plaintiff shall pay the full filing fee within thirty (30) days of the date of this order; if plaintiff fails to do so by the 30–day deadline set by this order, the court will summarily dismiss this action.

IT IS SO ORDERED.

Dated: **June 2, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE